UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC M. BOWMAN, JR.,

    Plaintiff,

v.

DETECTIVE JOSE ROSADO, et al.,

    Defendants.

Civil Action
No. 19-15494 (RBK) (JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, a county inmate, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's Complaint without prejudice for failure to state a claim.

## I.     BACKGROUND

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names the following parties as Defendants in this matter: (1) Detective Jose Rosado; (2) Patrolman Ronald Burrows; (3) and the Borough of Lindenwold. The entirety of Plaintiff's factual allegations are as follows.

As to Defendant Rosado, "Illegal search of my residence caused my unlawful arrest at Camden County Jail. . . Also violated my rights by illegal search of my residence cause my unlawful arrest." (ECF No. 1, at 4–5).

As to Defendant Burrows, "Illegal entry of my residence, illegal search of my residence caused my unlawful arrest at Camden County Jail . . . July 19, 2018 Ronald Burrows enter my home illegal and searched my home illegal violated my rights in Lindenwold. It happen at 98 Oak St. in the Landings apartments." *Id.*

Plaintiff filed the instant Complaint, seeking damages from the Borough of Lindenwold for "his loss and pain suffering," violations of his state and federal rights, false imprisonment, and hurting his brother and girlfriend "during [Defendants'] illegal activity causing her death," as well as for the loss of his home. (*Id*. at 5–7).

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

With the principles above in mind, the Court finds that the Complaint fails to comply with Federal Rule of Civil Procedure 8. As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even liberally construing the Complaint, Plaintiff fails to simply or directly allege what his claims are against each Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

Plaintiff's Complaint contains nearly no factual allegations, and is instead, a collection of bare conclusions against the various Defendants, which are insufficient to state a claim for relief. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678). The Court gleans that Plaintiff believes that the search of his home and his arrest were illegal but fails to allege *how* or *why* those actions violated *which* of his constitutional rights. *Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff]

cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights.").

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555. Accordingly, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported merely by conclusory statements," *Iqbal*, 556 U.S. at 678, and dismiss Plaintiff's claims against the Defendants, without prejudice, for failure to state a claim and for failure to comply with Rule 8.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice. The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: February 21, 2020                  s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge